IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RALPH SANDERS                                                                                    PLAINTIFF

VS.                                                         CIVIL ACTION NO. 3:15-cv-334-DPJ-FKB

KEVIN GREGORY, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY                                                          DEFENDANT

REPORT AND RECOMMENDATION

On July 23, 2015, Plaintiff Ralph Sanders filed his amended complaint in this matter, asserting claims against Lieutenant Kevin Gregory of the Mississippi Bureau of Narcotics in both his individual and official capacities.  *See* [8].  A summons was issued as to Kevin Gregory on November 9, 2015. [9].  With the docket reflecting no service of the summons upon the defendant, the court entered a show cause order on April 25, 2016, ordering Plaintiff to show cause in writing, by May 25, 2016, as to why the amended complaint should not be dismissed for failure to effect timely service of process.  *See* [10].  Plaintiff failed to respond to the Court's show cause order.

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant. . . .  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  Even where "good cause is lacking, the court has discretionary power to extend the time for service [when] warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Newby v. Enron Corp.*, No. 06-20658, 2008

1

WL 2605118, at *2 (5th Cir. July 2, 2008) (quoting Fed. R. Civ. P. (4) advisory committee's note (1993)). Rule 41 of the Federal Rules of Civil Procedure provides that an action or claim may be dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

In accordance with Rule 4(m), the Court's show cause order gave Plaintiff notice that if he could not show good cause for his failure to serve process upon the defendant, the action may be dismissed. Plaintiff failed to respond or otherwise show cause. Further, the undersigned finds no reason in this matter for the Court to exercise its discretionary power to extend the time for service in the absence of good cause. Accordingly, the undersigned recommends that this case be dismissed without prejudice for failure to timely serve the purported defendant and for failure to comply with the show cause order.

Plaintiff is referred to Rule 72(b) of the Federal Rules of Civil Procedure for the appropriate procedure in the event he desires to file objections to these findings and recommendations. Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 27th day of May, 2016.

                                          /s/ F. Keith Ball
                                          UNITED STATES MAGISTRATE JUDGE